PER CURIAM.
We affirm the summary denial of Marvin Carter’s latest post-conviction motion. His 1990 convictions for kidnaping and attempted sexual battery and his twenty-two year sentence were affirmed on direct appeal in Carter v. State, 591 So.2d 192 (Fla. 4th DCA 1991), cert. denied, 504 U.S. 919, 112 S.Ct. 1965, 118 L.Ed.2d 566 (1992). He has filed numerous appeals and petitions in this court raising collateral challenges to his conviction and sentence, none of which have been successful. The trial court found his latest motion to be both time-barred and successive. We agree.
As the trial court found, Carter’s challenges to his conviction were time-barred, the two year time limit under rule 3.850 having long since passed. His challenge to the legality of his sentence was procedurally barred because that same claim was raised and rejected in one of his earlier motions. Carter v. State, 679 So.2d 785 (Fla. 4th DCA 1996).
This latest appeal is procedurally barred and constitutes an abuse of the judicial *1231 system. We hereby prohibit Carter from filing any pro se petition or appeal in this court that raises an issue that is either time-barred or has been raised and resolved in an earlier appeal or petition filed in this court. If he violates this prohibition, he will face sanctions. See Prince v. State, 719 So.2d 346 (Fla. 4th DCA 1998), rev. denied, 732 So.2d 328 (Fla.1999).
WARNER, C.J., GUNTHER and STEVENSON, JJ„ concur.